IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00196-CV

 

In the
Interest of J. A., a Child,

 

 

 



From the 66th District Court

Hill County, Texas

Trial Court No. 39958

 



MEMORANDUM  Opinion



 








          Jennifer Alexander appeals from a
decree terminating her parental rights with respect to her son J.A.  Alexander
contends in two issues that: (1) the evidence is factually insufficient to
support the decree; and (2) the court violated her right to due process and abused
its discretion by admitting hearsay testimony.  We will affirm.

          The Department of Protective and
Regulatory Services took custody of J.A. in January 2003 when he was released
from a Dallas hospital after having been diagnosed with a rare congenital
abnormality known as Hirschsprung’s Disease.  DPRS removed J.A. from the
custody of Alexander and then-husband William because it felt that they were
not then willing and able to provide the additional care necessary because of
J.A.’s condition.

          Alexander and William later separated,
then she moved from Hillsboro to Abilene where a DPRS “courtesy worker”
coordinated services for her.  J.A. remained in the Waco vicinity in foster
care.  Following a bench trial, the court rendered a decree terminating Alexander’s
parental rights with respect to J.A.  William did not appear for trial, and the
court rendered a default judgment against him terminating his parental rights.

Hearsay

          Alexander contends in her second issue
that the court violated her right to due process and abused its discretion by
admitting hearsay testimony.

          Alexander’s second issue centers on
the testimony of Krista Mellott, the DPRS conservatorship worker assigned to
J.A.’s case, who works in Hill County.  After Alexander moved to Abilene, Mellott relied on a DPRS “courtesy worker” in Abilene to help coordinate services
for Jennifer.  Much of Mellott’s testimony regarding Alexander’s compliance
with the service plan was based on information she received from the courtesy
worker in Abilene.

          Alexander particularly complains about
the admission of Mellott’s testimony that her home in Abilene is not
appropriate for J.A. and that Alexander attended only two counseling sessions
while in Abilene.

          However, Mellott provided similar
testimony about Alexander’s participation in counseling sessions before
Alexander raised an objection.  Alexander’s own counsel cross-examined Mellott
about the condition of Alexander’s home.  Thus, any error in the admission of
the complained-of testimony was rendered harmless by the admission of similar
testimony without objection.  See Nissan Motor Co. Ltd. v. Armstrong,
145 S.W.3d 131, 144 & n.62 (Tex. 2004).  Accordingly, we overrule
Alexander’s second issue.




Factual Sufficiency

          Alexander contends in her first issue
that the evidence is factually insufficient to prove any of the acts or
omissions alleged as a basis for termination of her parental rights.

          DPRS’s first amended petition alleges as
grounds for termination that Alexander:

·                   
knowingly placed or
knowingly allowed the child to remain in conditions or surroundings which endangered
the physical or emotional well-being of the child;

 

·                   
engaged in conduct or
knowingly placed the child with persons who engaged in conduct which endangered
the physical or emotional well-being of the child;

 

·                   
failed to support the child
in accordance with the parent’s ability during a period of one year ending
within six months of the date of the filing of the petition;

 

·                   
failed to comply with the
provisions of a court order that specifically established the actions necessary
for the parent to obtain the return of the child who has been in the permanent
or temporary managing conservatorship of the Department of Protective and
Regulatory Services for not less than nine months as a result of the child’s
removal from the parent under Chapter 262 for the abuse or neglect of the
child.

 

See
Tex. Fam. Code Ann. §
161.001(1)(D), (E), (F), (O) (Vernon 2002).   

           On appeal, DPRS relies primarily on the
fourth ground as the one for which there is factually sufficient evidence to
support the decree.

          Mellott testified that the court’s
orders required Alexander to: (1) pay monthly child support of $25; (2) undergo
a psychological evaluation and follow the recommendations resulting from that
evaluation; (3) obtain and maintain employment; (4) maintain appropriate contact
with J.A.; and (5) maintain appropriate housing.

          Mellott testified that Alexander had
paid no child support.  She testified that the psychological evaluation
recommended that Alexander participate in individual therapy sessions and in
parenting classes but that Alexander had participated in only one parenting
class and in only two therapy sessions during the eighteen months of DPRS
involvement in the case.  Mellott testified that Alexander’s employment record
was sporadic during that time period and that she had at least seven different jobs. 
She testified that Alexander visited J.A. only once and that the visit lasted
only thirty minutes even though it was schedule to last ninety minutes.  During
cross-examination, Mellott testified that Alexander’s current residence was a
one bedroom apartment consisting of less than 500 square feet and was
inappropriate for J.A.

          Alexander contradicted Mellott’s
testimony regarding her compliance with the court’s orders.  Alexander
testified that she mailed two child support payments totaling $293.  She offered
in evidence a money order receipt (with no reference to the identity of the
payee) to support her testimony about one of the payments.  She testified that
the other receipt was in a jewelry box which had been stolen from her home
during a burglary, and she offered in evidence a police report showing that she
had reported the burglary to Abilene Police.

          Alexander testified that she had
attended individual therapy sessions at Abilene Christian University “quite a
few times” and had attended two parenting classes but did not learn anything
new from them.  Alexander also testified that the courtesy worker in Abilene had not been helpful at all in arranging therapy or parenting classes and that
Alexander had to make all the arrangements herself.

          Alexander testified that she had
worked only four different jobs during the period of DPRS’s involvement but now
had a full-time job with a grocery in Abilene which would provide insurance
coverage for J.A.

          Alexander explained that she did not
visit J.A. more than once because the visits were conducted in the Waco vicinity and it was difficult for her to arrange transportation.  She disputed Mellott’s
characterization of her one bedroom apartment as inadequate but stated her
intention to rent a two bedroom apartment if she regained custody of J.A.

          J.A.’s court-appointed special
advocate testified that the Attorney General’s child support division had no
record of any child support payments being made on J.A.’s behalf.

          Although the record contains
conflicting evidence, much of the controversy was resolved by the court’s
determination of whether it would choose to believe the testimony of DPRS’s
witnesses or that of Alexander.  Apparently, the court chose to believe DPRS’s
witnesses.  We must defer to the finder of fact in its resolution of such
credibility issues so long as that resolution is not itself unreasonable.  Sw.
Bell Tel. Co. v. Garza, 48 Tex. Sup. Ct. J. 226, 238, 2004 WL 3019205 at
*13 (Tex. Dec. 31, 2004); accord In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002).

          Giving appropriate deference to the
court’s findings, we hold that the evidence is “such that a factfinder could
reasonably form a firm belief or conviction about the truth of the State’s
allegations.”  In re C.H., 89 S.W.3d 17, 25 (Tex. 2002); see also In
re S.G.S., 130 S.W.3d 223, 238-39 (Tex. App.—Beaumont 2004, no pet.) (failure
to visit children); Wilson v. State, 116 S.W.3d 923, 928-29 (Tex.
App.—Dallas 2003, no pet.) (failure to participate in parenting classes or
maintain contact with child); In re H.R., 87 S.W.3d 691, 697-99 (Tex.
App.—San Antonio 2002, no pet.) (failure to maintain employment or maintain
contact with the child).  Thus, the evidence is factually sufficient. 
Accordingly, we overrule Alexander’s first issue.




We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed July 13, 2005

[CV06]